UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **2:25-cv-10741-DOC-MAR** Date: November 3, 2026

Title: *Boran Hout v. A. Gonzales*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE REGARDING EXHAUSTION, TIMELINESS, AND ABSTENTION**

## I.
## INTRODUCTION

Petitioner, Boran Hout ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 1993 conviction. ECF Docket No. ("Dkt.") 1.

Some or all of Petitioner's claims may be subject to dismissal. The Court will not make a final determination regarding whether the claims should be dismissed, however, without giving Petitioner an opportunity to explain or amend his Petition.

## B. THE PETITION APPEARS UNTIMELY

### 1. The Petition was filed after AEDPA's one-year limitations period

#### a. Applicable law

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

///
///
///

**b. Analysis**

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Based on the limited information provided, it appears that Petitioner's conviction likely became final in 1998, after his direct appeal was denied. See The People v. Hout, Case No. B100311 (Superior Court of California, County of Los Angeles); see also Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period would therefore have expired sometime in 1999. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the Petition on September 30, 2025. Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely by twenty-seven years under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)"). Thompson, 681 F.3d at 1093.

**2. Petitioner is not entitled to a later trigger date**

**a. Applicable law**

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final. 28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]" 28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). A different triggering date, therefore, may apply to each claim in a petition. Id.

///
///

**b. Analysis**

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims. See 28 U.S.C. § 2244(d)(1).

**3. Statutory tolling does not render the Petition timely**

**a. Applicable law**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003). However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

**b. Analysis**

Here, AEDPA's one-year statute of limitations expired in 1999, approximately twenty-four years before Petitioner filed his first habeas petition in state court. See 28 U.S.C. § 2244(d)(1); see In re Boran Hout, Case No. NA014978 at 6. The limitations period cannot be tolled by a state petition filed after the period had already expired, and thus statutory tolling does not render the Petition timely. See Ferguson, 321 F.3d at 823.

**4. Equitable tolling does not render the Petition timely**

**a. Applicable law**

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

**b. Analysis**

Here, Petitioner does not explicitly claim entitlement to equitable tolling and the Court has not found any obvious basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097. Accordingly, the Petition appears untimely.

**II.**
**EXHAUSTION**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, it does not appear that Petitioner's claims have been exhausted. Petitioner does not indicate he appealed his conviction to the California Supreme Court, and this Court is not able to find a record of Petitioner doing so. Furthermore, while Petitioner indicates he has filed habeas petitions before the state court, those petitions presented different claims than the instant petition. See Dkt. 1 at 3–4. Therefore, it is not clear that Petitioner has exhausted state court remedies.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the

unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely."). After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

Because Petitioner has not explained a basis for a stay, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay. If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his amended petition.

## B. ABSTENTION MAY BE WARRANTED

Principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings. See Younger v. Harris, 401 U.S. 37, 43–45 (1971). The Ninth Circuit has held abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. Arevalo v.

Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

"Extraordinary circumstances," may warrant exception to the "fundamental policy against federal interference with state criminal prosecutions." Younger, 401 U.S. at 46, 53–54; Brown v. Ahern, 676 F.3d 899, 900–01 (9th Cir. 2012) (holding "abstention principles ... prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980))). To demonstrate an exception to Younger, Petitioner must show: (1) he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim. See Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Kugler v. Helfant, 421 U.S. 117, 124–25 (1975); see also Brown, 676 F.3d at 901 (citing Carden, 626 F.2d at 83).

However, where Younger abstention is appropriate, a district court "cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended." Beltran v. State of Calif., 871 F.2d 777, 782 (9th Cir. 1988). In other words, Younger abstention requires dismissal of the federal action when state court proceedings were ongoing at the time of filing. Beltran, 871 F.2d at 782.

Here, it appears that Petitioner's state proceedings are ongoing. According to the docket of Petitioner's state court case, state court proceedings regarding Petitioner's petition to vacate his sentence under California Penal Code § 1172.6(a) remain ongoing. See The People of the State of California vs. HOUT, BORAN, Case No. XSONA014978-01. If this is the case, then this Court may have to abstain pursuant to the Younger doctrine. Ultimately, the Court cannot discern from the limited information in the petition whether the doctrine is applicable or whether Petitioner is alleging that extraordinary circumstances warrant applying an exception to the doctrine.

Ultimately, the Petition appears subject to dismissal because it appears unexhausted, untimely, and subject to abstention. The Court will not recommend dismissal of the Petition, however, without giving Petitioner an opportunity to explain or amend his Petition.

## IV.
## ORDER

Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **no later than November 30, 2026** by electing one of the following options:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **2:25-cv-10741-DOC-MAR** Date: November 3, 2026

Title: *Boran Hout v. A. Gonzales*

1. File a supplemental statement explaining why the Petition should not be dismissed;

2. File a First Amended Petition that addresses the deficiencies noted in this Order; or

3. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate he is entitled to a stay, **or fails to respond by November 30, 2026**, the Court may recommend that the Petition be dismissed.

**IT IS SO ORDERED.**

:

**Initials of Preparer** ev

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Plaintiff(s),<br>v.<br>Defendant(s). | CASE NUMBER<br><br>**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) ______________________________ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) ______________________________ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) ______________________________ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) ______________________________

______________________________
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by ______________________________.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

______________________ ______________________________
*Date* *Signature of Attorney/Party*

***NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***